# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SIMON CAMPBELL, and PENNSYLVANIANS FOR UNION REFORM,<br>        Plaintiffs,<br><br>v.<br><br>PENNSYLVANIA SCHOOL BOARDS ASSOCIATION,<br>MICHAEL FACCINETTO,<br>DAVID HUTCHINSON,<br>OTTO W. VOIT, III,<br>KATHY SWOPE,<br>LAWRENCE FEINBERG,<br>ERIC WOLFGANG,<br>DANIEL O'KEEFE,<br>DARRYL SCHAFER,<br>THOMAS KEREK, and<br>LYNN FOLTZ, in their individual capacities,<br>        Defendants. | CIVIL ACTION<br><br><br><br>NO. 18-892 |

**DuBois, J.**                                                                                          **July 17, 2018**

## M E M O R A N D U M

### I. INTRODUCTION

Plaintiffs seek the production of certain documents reviewed by defendant Michael Faccinetto, president of the Governing Board ("Board") of defendant Pennsylvania School Boards Association ("PSBA"), in preparation for his deposition on May 30, 2018, pursuant to Federal Rule of Evidence 612. All of the documents are on defendants' privilege log. Defendants object to the production of documents on the ground that plaintiffs have failed to meet the requirements for production of documents under Rule 612. For the reasons stated below, the Court denies plaintiffs' request.

## II. BACKGROUND

On June 19, 2018, the Court issued a Memorandum and Order in this case denying defendants' Motion to Dismiss. The facts of the case are set forth in that Memorandum.

Plaintiffs' position with respect to the production of documents is based on two series of questions during Faccinetto's deposition in which he was asked by plaintiffs, in essence, to identify the documents he reviewed in preparation for the deposition. During the deposition, counsel for plaintiffs asked Faccinetto, "What did you do to prepare for today's deposition?" Faccinetto Dep. Tr. 47:13-14. Faccinetto replied that he had reviewed documents he had access to "on [his] computer" to "get the timeline straight," including emails between the Board and its counsel. *Id.* 47:22-23; 48:7-49:14. Later in the deposition, counsel asked Faccinetto if he reviewed various items on defendants' privilege log, including emails and legal opinions from PSBA's counsel. Dep. Tr. 57:1-61:8. Faccinetto again replied that he had. *Id.* Plaintiffs now argue that, under Federal Rule of Evidence 612, Faccinetto's review of those documents waived any applicable privilege, and defendants must produce the documents. Defendants argue that production is not required because plaintiffs failed to establish that Faccinetto relied on the documents in giving his testimony under the Third Circuit decision *Sporck v. Peil*, 759 F.2d 312, 318 (3d Cir. 1985).

On June 26, 2018, the Court conducted a telephone conference with counsel to address the deposition dispute. During the telephone conference, the Court directed defendants to provide the Court with the twenty-one documents plaintiffs seek to be produced pursuant to Rule 612 for *in camera* review. Defendant provided those documents on July 3, 2018. The documents are Entries 140, 285, 316, 320, 328, 375-79, 383, 389, 392-94, 398-400, 403, 408, and 421 in defendants' Privilege Log dated June 14, 2018, which defendants provided to the

Court. The parties also provided the Court with a jointly annotated transcript of Faccinetto's deposition. Based on that record, and for the reasons stated below, the Court denies plaintiffs' request for the production of documents pursuant to Rule 612.

### III. LEGAL STANDARD

Rule 612 provides that when a witness "uses a writing to refresh memory" at a hearing, the "adverse party is entitled to have the writing produced." Fed. R. Evid. 612(a). When a witness uses the writing to refresh his memory "before testifying," the documents must be produced "if the court decides that justice requires." *Id.* However, before obtaining documents reviewed by a witness prior to testifying, Rule 612 "requires that a party meet three conditions": "1) the witness must use the writing to refresh his memory; 2) the witness must use the writing for the purpose of testifying; and 3) the court must determine that production is necessary in the interests of justice." *Sporck v. Peil*, 759 F.2d 312, 317 (3d Cir. 1985). Rule 612 does not apply where counsel merely "seek[s] identification of all documents reviewed by" a deponent. *Id.* at 318. To the contrary, Rule 612 is applicable and requires production only where that identification of documents "result[s] from opposing counsel's own selection of relevant areas of questioning, and from the witness' subsequent admission that his answers to those specific areas of questioning were informed by documents he had reviewed." *Id.*

### IV. DISCUSSION

**A. Review of Documents with Respect to Timeline**

Plaintiffs argue primarily that the twenty-one documents they request must be produced because Faccinetto reviewed them to "get the timeline straight," Dep. Tr. 48:9-10, and substantial portions of the deposition expressly addressed the timeline of events. The Court

3

rejects plaintiffs' argument because they have failed to show that Faccinetto used the documents "for the purpose of testifying" on that issue. *Sporck*, 759 F.2d at 317.

In order to establish that a deponent used a document for the purpose of testifying, a party must show that "that the document actually influenced the witness' testimony." *Sporck*, 759 F.2d at 318. Plaintiffs have failed to do so. Throughout the deposition, Faccinetto repeatedly stated that he did not recall the timeline. *E.g.*, Dep. Tr. 40:2-6, 41:3-6, 63:2-14, 96:12-16, 105:24-106:3, 124:7-129:6. For example, when plaintiffs asked Faccinetto when the Board first discussed plaintiffs' requests under Pennsylvania's Right to Know Law, he responded that he could not recall an exact date. *Id.* 40:2-6, 40:23-41:12, 42:2-4. Similarly, when asked when he viewed certain videos produced by plaintiffs regarding the PSBA, Facccinetto replied, "I couldn't tell you dates. Just because I have a video or two that sticks in my head, but [sic] I couldn't tell you when or a specific time." *Id.* 96:12-16. Although Faccinetto admitted to reviewing documents "to get the timeline straight," *id.* 48:9-10, those documents did not "actually influence[]" his testimony to the extent he was unable to recall the timeline of events.

Further, to the extent that Faccinetto *did* testify regarding the timeline of events, plaintiffs have failed to establish on the record that Faccinetto's testimony was based on the documents they request. The Third Circuit requires that the production of documents under Rule 612 "should only result from opposing counsel's own selection of relevant areas of questioning, and from the witness' subsequent admission that his answers to those specific areas of questioning were informed by documents he had reviewed." *Sporck*, 759 F.2d at 318. The record in this case does not establish that Faccinetto's answers were informed by the documents he reviewed. Instead, the record establishes that Faccinetto's testimony with respect to the timeline was based on documents provided by plaintiffs as exhibits, Dep. Tr. 31:6-38:20 (relying on Exhibit P-42),

4

99:1-19 (relying on Exhibit P-103-E), or was in response to questions regarding whether certain conversations occurred, *id.* 63:22-64:5, 64:12-66:15, 126:21-129:16.

The Court thus rejects plaintiffs' argument with respect to the timeline of events.

**B. Review of Documents on Defendants' Privilege Log**

Plaintiffs also argue that Faccinetto waived any privilege in the documents they request by "reviewing substantially all of the documents on Defendants' privilege log on which he was an addressee or a copy reader." The Court concludes that plaintiffs have again failed to establish the second requirement of Rule 612—that the witness used the documents for the purpose of testifying. Such a showing can be made where, in response to "specific areas of questioning," the witness admits that his answers "were informed by documents he had reviewed." *Sporck*, 759 F.2d at 318. Rule 612, however, is inapplicable where counsel merely "seek[s] identification of all documents reviewed by [a deponent]" and consequently fails to establish that the deponent "relied on any documents in giving his testimony, or that those documents influenced his testimony." *Id.*

For sixteen of the documents requested by plaintiffs—Entries 140, 375-79, 383, 389, 392-394, 398-400, 403, and 421 from defendants' Privilege Log—plaintiffs' questions were limited to "seeking identification of all documents reviewed" by Faccinetto in preparation for the deposition. As described above, plaintiffs twice asked Faccinetto to identify the documents he reviewed in preparation for the deposition. Faccinetto Dep. Tr. 47:13-14, 57:1-61:8. These sixteen documents were mentioned in the deposition only when plaintiffs asked Faccinetto if had reviewed them. However, plaintiffs failed to pose "specific areas of questioning" to Faccinetto with respect to these documents. Plaintiffs have not established that Faccinetto "relied on [the]

5

documents in giving his testimony, or that those documents influenced his testimony." *Sporck*, 759 F.2d at 318. Rule 612 is thus inapplicable to these sixteen documents.

For four additional documents—Privilege Log Entries 316, 320, 328, and 408—plaintiffs questioned Faccinetto about the subject matter of the documents, but did not establish that he relied on the documents in giving his testimony. The record before the Court shows that, for these four documents, Faccinetto's memory was refreshed not by the documents plaintiffs now request, but by documents plaintiffs provided as exhibits at the deposition. For example, when plaintiffs asked Faccinetto about the subject matter of Entry 316—a resolution by the Clarion School Board objecting to the state suit at issue in this case—plaintiffs showed Faccinetto an October 25, 2017, email from plaintiffs regarding the resolution. Dep. Tr. 156:10-157:1. Similarly, in questioning Faccinetto about the subject matter of Entry 320—the Board members' potential individual liability—plaintiffs provided him with an October 14-15, 2017, email chain between Faccinetto and the Executive Director of the PSBA on that subject. *Id.* 122:19-124:4.

Likewise, when plaintiffs questioned Faccinetto about the subject matter of Entries 328 and 408—a letter sent by the ACLU to defendants on October 20, 2017, and defendants' response on December 8, 2017, to a settlement proposal by plaintiffs—they based their questions on the letters themselves, not Entries 328 and 408. *Id.* 163:1-23. Thus, for each of these four documents, Faccinetto's testimony was based not on any documents he reviewed in preparation for the deposition, but on plaintiffs' exhibits.

For the final document requested by plaintiffs—Entry 285—the Court was unable to find any part of the deposition where either the document or its subject matter was discussed. Plaintiffs have failed to establish that Faccinetto relied on this document in giving his testimony.

## V. CONCLUSION

The Court concludes that, based on the present state of the record, plaintiffs are not entitled to the production of the documents they request under Federal Rule of Evidence 612.