From: Jack Cohn <jcohn@grsm.com>

Date: Sun, May 13, 2018 at 8:42 AM

Subject: Campbell v. PSBA -- Confidential Settlement Communication to the Home School Districts of the Current PSBA Governing Board Members

To: "jef@kingspry.com" <jef@kingspry.com>, "pfanelli@fanwil.com" <pfanelli@fanwil.com>, "gparker@haverfordsd.net" <gparker@haverfordsd.net>, "asalawchris@atlanticbb.net" <asalawchris@atlanticbb.net>, "jgornall@kmgslaw.com" <jgornall@kmgslaw.com>, "tandrews@andrewsandprice.com" <tandrews@andrewsandprice.com>, "mwiley@mcclaw.com" <mwiley@mcclaw.com>, "setter@etterlawfirm.com" <setter@etterlawfirm.com>, "mking@stockandleader.com" <mking@stockandleader.com>, "mcassidy@johnsonduffie.com" <mcassidy@johnsonduffie.com>

Dear Counsel,

As I expect each of you is already aware, together with the ACLU, I am co-counsel for Plaintiffs, Simon Campbell and Pennsylvanians for Union Reform, in the Counter-SLAPP Suit, First Amendment Retaliation civil rights lawsuit against PSBA and ten of its current and former directors pending in the United States District Court for the Eastern District of Pennsylvania.  I am writing to you because I understand that each of you is the solicitor for one of the home school districts of the ten current voting members of PSBA's governing board, seven of whom also are currently named as individual defendants:

https://www.psba.org/about/governance/governing-board/

For those who have not been following the action closely, I attach (1) Plaintiffs' February 28, 2018 Verified Complaint, (2) the Court's April 13 scheduling order bifurcating the case and setting a final injunction hearing on July 23, (3) Plaintiffs' Injunction Motion, (4) Defendants' Motion to Dismiss; (5) Defendants' Opposition to Plaintiffs' Injunction Motion, and (6) Plaintiffs' Opposition to Defendants' Motion to Dismiss.  I also attached PSBA's current by-laws, discussed below.  Plaintiffs' Reply brief in support of the Injunction Motion will be filed tomorrow.  Because I don't know your respective capacities to receive attachments to emails, I have omitted the exhibits to these filings, which, of course, are accessible through Pacer.

As you may also be aware, with the exception of Cumberland Valley School District, which has yet to respond to Mr. Campbell's RTKL request for its insurance policies, we have tendered

**Exhibit**

**D-39**

Plaintiffs' Complaint to each district's general liability and errors and omissions liability insurers for appropriate handling.

I am reaching out to you at this point because there seems to be considerable misunderstanding regarding your respective school district client's legal exposure here, which is substantial and increasing.  Each of the current PSBA Governing Board directors, even the ones who began serving in that capacity in January 2018, after the SLAPP Suit was underway, bears responsibility for its continuation and for PSBA's continued refusal to dismiss the SLAPP Suit with prejudice.  And each of them is "acting under color of state law" because they are cloaked in the mantle of government authority as a director of your client's school boards and, indeed, can serve as PSBA Governing Board Directors solely because each of your district clients maintains government entity membership in PSBA.  Further, each PSBA Governing Board director continues to serve in that capacity, and in that capacity to authorize, the continuation of the SLAPP Suit, solely because each home school district continues to permit his or her participation.

As I expect you are also aware, Mr. Campbell has been lobbying every government entity member of PSBA to condemn the lawsuit (to date over 35 districts have done so), and to cause PSBA to discontinue it.  Further, Mr. Campbell previously contacted the seven currently-serving Governing Board members who are also individually named as defendants, specifically in their capacities as elected directors of their home school districts (your clients), to call on them to force PSBA to dismiss its SLAPP Suit.  And Defendants' discovery responses confirm that each of the seven individual defendants considered the ACLU's October 20, 2017 warning letter before permitting PSBA's SLAPP Suit counsel to "double down" by filing an amended SLAPP Suit Complaint in December 2017 (just before the three new directors joined PSBA's Governing Board as of January 1, 2018), instead of withdrawing the SLAPP Suit.

In any event, each of your school district clients by now has had ample opportunity either to call upon its respective PSBA Governing Board member to cause PSBA to dismiss the SLAPP Suit with prejudice, or to cause the removal of that school board member from PSBA's Governing Board by discontinuing that district's own entity membership in PSBA – which, per PSBA's attached bylaws, Article III, Section 4(A)(2), would automatically disqualify that district's director from further service on the Governing Board.

It is my clients' position that, by permitting its individual director to continue to serve on the Governing Board of PSBA while PSBA filed, amended, and to this day refuses to dismiss with prejudice its unconstitutional SLAPP Suit, each of your district clients has ratified the prior and continuing conduct of its individual directors acting as PSBA Governing Board directors.  It is further my clients' position that such ratification means that each of your district clients is acting

in concert with PSBA to violate my clients' constitutional rights and therefore are jointly and severally liable to my clients in damages pursuant to Section 1983, and otherwise.

My clients don't need to join your respective school district clients as defendants in the current injunction phase of this case because an injunction against PSBA and the seven currently-serving individual defendants (who have a controlling majority of the Governing Board) will be sufficient to force the with-prejudice dismissal of the underlying SLAPP Suit.  Once that injunction issues, however, it is my clients' intention to amend their Complaint for the damages phase of the case (which will have entirely new, and separate, discovery and trial tracks), to add each of your school district clients as defendants.

Thus, to the extent that anyone needs clarification that a claim for monetary damages is being asserted against each of your district clients, please consider this a notice of claim.  And every day that passes where your respective district client fails to act either to cause their PSBA Governing Board director to cause PSBA to dismiss the SLAPP Suit, or, alternatively, fails to act to remove its director from PSBA's Governing Board by voting to discontinue PSBA entity membership, is a day that your district client's exposure to awards in my client's favor for substantial compensatory damages and ever-growing Section 1988 attorneys' fees, increases.

With all of that being said, Plaintiffs are willing to entertain a settlement dialogue with any or all of your district clients.  Those who act swiftly to do everything in their power to cause the prompt dismissal of the SLAPP Suit and disavow their prior ratification of their own director's unconstitutional actions under color of state law may expect to be able to negotiate far better settlement terms than those districts that continue to ratify and support PSBA's SLAPP Suit and their own directors' role in continuing PSBA's First Amendment retaliation against my clients.

I hope to hear from some or all of you soon.

Sincerely,

_____

JACOB (JACK) C. COHN   | Partner

GORDON & REES

SCULLY MANSUKHANI

One Commerce Square

2005 Market Street, Suite 2900

Philadelphia, PA 19103

D: 215-717-4004

jcohn@grsm.com


Alabama | Arizona | California | Colorado | Connecticut | Delaware | Florida

Georgia| Illinois | Kentucky | Maryland | Massachusetts | Michigan | Missouri

Montana| Nebraska | Nevada | New Jersey | New York | North Carolina | Ohio

Oklahoma | Oregon | Pennsylvania | Rhode Island | South Carolina | South Dakota

Texas | Utah | Virginia | Washington | Washington, D.C. | West Virginia | Wisconsin

www.grsm.com


☐ Please consider the environment before printing this email.

_____


Alabama * Arizona * California * Colorado * Connecticut * Florida * Georgia * Illinois *
Maryland * Massachusetts * Missouri * Nebraska * Nevada * New Jersey * New York * North
Carolina * Ohio * Oregon * Pennsylvania * South Carolina * South Dakota * Texas * Virginia *
Washington * Washington, DC * West Virginia


This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO
MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients
identified above. If you are not the intended recipient of this communication, you are hereby
notified that any unauthorized review, use, dissemination, distribution, downloading, or copying
of this communication is strictly prohibited. If you are not the intended recipient and have
received this communication in error, please immediately notify us by reply email, delete the
communication and destroy all copies.

GORDON REES SCULLY MANSUKHANI, LLP

http://www.grsm.com