From: Jack Cohn <jcohn@grsm.com>

Date: Tue, May 15, 2018 at 10:32 AM

Subject: Campbell v. PSBA -- Confidential Settlement Communication

To: "mbonner@medurebonnerlaw.com" <mbonner@medurebonnerlaw.com>, "Brian Boland (bboland@kozloffstoudt.com)" <bboland@kozloffstoudt.com>, "jef@kingspry.com" <jef@kingspry.com>, "pfanelli@fanwil.com" <pfanelli@fanwil.com>, "gparker@haverfordsd.net" <gparker@haverfordsd.net>, "asalawchris@atlanticbb.net" <asalawchris@atlanticbb.net>, "jgornall@kmgslaw.com" <jgornall@kmgslaw.com>, "tandrews@andrewsandprice.com" <tandrews@andrewsandprice.com>, "mwiley@mcclaw.com" <mwiley@mcclaw.com>, "setter@etterlawfirm.com" <setter@etterlawfirm.com>, "mking@stockandleader.com" <mking@stockandleader.com>, "mcassidy@johnsonduffie.com" <mcassidy@johnsonduffie.com>

Dear School District Solicitors,

 First, a bit of levity.  When I was young, my Bubby used to host holiday dinners.  She used to ask me if I wanted some broccoli, and when I said no, she told me I was going to have some anyway.  So, I would ask her why she asked me in the first place.  And she would respond, "To be polite."

 So, why am I writing to you again?  To be polite.  I was very polite to Mike Levin and PSBA's SLAPP Suit counsel, David Heim.  I told them exactly what was going to happen if they didn't dismiss PSBA's SLAPP Suit.  I gave them multiple opportunities to do so, either for nothing, or for a very small fraction of what it s now going to cost to make this problem go away.  And now, we are busy cleaning their clocks.

 Now, I am being polite to your school districts and their insurers.  Like it or not, your clients are all passengers on board Mike Levin's and Nathan Mains's "Crazy Train" by virtue of your clients' sponsorship of the PSBA Governing Board Directors who directed the filing, amendment, and maintenance of the SLAPP Suit.  To a person, these Governing Board directors, many of whom are the presidents of the boards of your school district clients, refuse to consent to any monetary settlement with my clients.  Further, they have been trained by Mike Levin to believe that their only fiduciary duty in this situation runs to PSBA, not to their home districts that sponsor them as PSBA Governing Board members.  But as we wrote to the Court in Plaintiffs' injunction motion reply brief, filed yesterday (copy attached), "[t]he individual Defendants' status as PSBA Governing Board members and their status as elected members of public school boards is indistinguishable" in light of PSBA's own bylaws.  Obviously, then, the claims against the individual Defendants "arise" from their service as members of your client's own boards.

 Now, we all know what happens to the "Crazy Train" in Ozzy Osborne's song.  It's "going off the rails."  And Mr. Campbell is serious as a heart attack about pursuing all responsible parties to the fullest extent of the law, including pursuing the individual Defendants for non-indemnifiable punitive damages.

Exhibit D-40

You each now have copies of the Complaint, and the fully-briefed injunction motion, and the motion to dismiss.  Please make your own evaluations of the relative merits of the parties' legal positions, the relative quality of the briefing and representation of your district's directors, and the advisability of permitting Mr. Levin to continue representing the individual Defendants under the circumstances.

 Each of your clients is on notice of a claim for monetary damages potentially covered under your E&O coverage.  Each of your clients is on notice of an "occurrence" and/or an "offense" that is reasonably likely to give rise to a claim that is potentially covered under your client's GL Coverage.  One or both of your client's E&O and GL policies gives your insurer(s) the right to investigate and settle, and the right and duty to defend.  One or both of your client's insurance policies provides for payment of "costs" as supplementary payments outside of indemnity limits.  Attorneys fee awards under 28 U.S.C. § 1988 (civil rights fee-shifting statute) are expressly defined to be part of the "costs" of suit.  Our fees to date in the federal action alone are already several hundred  thousand dollars, and increasing rapidly as we conduct compressed discovery, deal with Mike Levin's nonsensical filings and obstructionist discovery tactics, and prepare for a rapidly-approaching July 23 final injunction trial.  And PSBA's eroding E&O policy is expressly excess of any other primary policy insuring an individual Defendant containing duty to defend.

If any of your clients or their insurers would like to get your school district client and/or its individual Defendant off the "Crazy Train", please feel free to have someone with settlement authority contact me.  To be clear, after the final injunction has issued, and the damages phase of the case gets underway, it is fully my clients' intention to amend their complaint to add new parties that will include all non-settling school district sponsors of the individual Defendants, and the price to get off the train will be far higher than it already is.

Sincerely,

_____

JACOB (JACK) C. COHN   | Partner

GORDON & REES

SCULLY MANSUKHANI

One Commerce Square

2005 Market Street, Suite 2900

Philadelphia, PA 19103

D: 215-717-4004

jcohn@grsm.com

Alabama | Arizona | California | Colorado | Connecticut | Delaware | Florida

Georgia| Illinois | Kentucky | Maryland | Massachusetts | Michigan | Missouri

Montana| Nebraska | Nevada | New Jersey | New York | North Carolina | Ohio

Oklahoma | Oregon | Pennsylvania | Rhode Island | South Carolina | South Dakota

Texas | Utah | Virginia | Washington | Washington, D.C. | West Virginia | Wisconsin

www.grsm.com

☐ Please consider the environment before printing this email.

_____

Alabama * Arizona * California * Colorado * Connecticut * Florida * Georgia * Illinois * Kentucky * Maryland * Massachusetts * Missouri * Nebraska * Nevada * New Jersey * New York * North Carolina * Ohio * Oregon * Pennsylvania * South Carolina * South Dakota * Texas * Virginia * Washington * Washington, DC * West Virginia * Wisconsin

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

GORDON REES SCULLY MANSUKHANI, LLP

http://www.grsm.com