**From:** Jack Cohn [mailto:jcohn@grsm.com]
**Sent:** Tuesday, May 29, 2018 12:44 PM
**To:** John Freund, III
**Cc:** Ilan Rosenberg; Eric Rosenberg; 'Simon Campbell'
**Subject:** RE: Campbell v. PSBA -- Notice of Claim for Monetary Damages against Northwest Lehigh School District

Dear Mr. Freund,

The notice of claim was sent two weeks ago, on May 14, 2018.  Hopefully the district gave notice to its GL and E&O carrier (CM Regent, on whose board Mr. Mains and Ms. Swope sit) immediately following receipt of that email.

Before you get all "cheeky" with me (Simon speak) about the basis for a ratification action against Northwest Lehigh School District, read the attached email I sent to another solicitor (who was being flippant with me).  Then do some research.  Then, if you think that there is a principled basis to have a discussion with me about the legal basis for bringing such a claim, pick up the phone and try having a civilized conversation with me.  Feel free to share this analysis with your other potential defendant client, Bethlehem Area, too.

Unlike PSBA's SLAPP Suit lawyers, Bochetto & Lentz, I do my homework up front.  PSBA's SLAPP Suit lawyer told me on November 2, shooting from the hip, that there was no basis for suing PSBA as a state actor, either.  How wrong he was.

I would converse further, but I have to get back to Ms. Swope's deposition just now.

Sincerely,


Jack Cohn

**Effective June 11, 2018, our new address will be:**

**Three Logan Square**

**1717 Arch Street**

**Suite 610**

**Philadelphia, PA 19103**

---

**Jacob (Jack) C. Cohn   | Partner
GORDON & REES
SCULLY MANSUKHANI**

One Commerce Square
2005 Market Street, Suite 2900

EXHIBIT

D-58

Philadelphia, PA 19103

D: 215-717-4004

jcohn@grsm.com

**From:** John Freund, III [mailto:jef@Kingspry.com]
**Sent:** Tuesday, May 29, 2018 11:24 AM
**To:** Jack Cohn
**Subject:** RE: Campbell v. PSBA -- Notice of Claim for Monetary Damages against Northwest Lehigh School District

Dear Mr. Cohn:

Thank you for your email of May 25. NWLSD is already aware of its litigation hold responsibilities and since you have identified your letter as a "claim" the district will notify its insurer. However, please be aware that Mr. Schafer's role as a member of the PSBA Governing Board is completely independent of his position as a publically elected member of the Northwestern Lehigh School Board. As a former member of PSBA's Executive Board myself, I am aware that members vote their own conscience and do not require or seek permission or ratification of the positions they take on the PSBA Board from their home school boards.

The theory by which you proposed to join NWLSD as a defendant lacks any evidentiary or legal support. The district's insurance policy that would respond to your purported complaint carries with it a substantial deductible, which means public money would need be spent defending what, based on your description, could only be a frivolous claim. Accordingly, if you proceed against NWLSD, be prepared for a Rule 11 challenge and a demand for sanctions to reimburse the district for counsel fees unnecessarily expended for defense.

# John E.Freund



John E. Freund III, Esquire

One West Broad Street, Suite 700

Bethlehem, PA  18018

(610) 332-0390; (610)332-0314 FAX

jef@KingSpry.com

www.KingSpry.com


Tami Mikulecky, Paralegal              tlm@kingspry.com

Jessica Stahler, Compliance Administrator   jstahler@kingspry.com

Lynn M. Billings, Pa.C.P./Paralegal         lynn@kingspry.com

IRS Circular 230 Disclosure:  To ensure compliance with requirements imposed by the IRS, we inform you that the federal tax advice (if any) contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transactions or matter addressed herein.

THE INFORMATION CONTAINED IN THIS COMMUNICATION IS A TRANSMISSION FROM THE LAW FIRM OF KING SPRY HERMAN FREUND & FAUL AND IS INFORMATION PROTECTED BY THE ATTORNEY/CLIENT AND/OR ATTORNEY/WORK PRODUCT PRIVILEGE.  IT IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE RECIPIENT(S) NAMED ABOVE, AND THE PRIVILEGES ARE NOT WAIVED BY VIRTUE OF THIS HAVING BEEN SENT BY ELECTRONIC MAIL.  IF THE PERSON ACTUALLY RECEIVING THIS COMMUNICATION, OR ANY OTHER READER OF THIS COMMUNICATION, IS NOT THE NAMED RECIPIENT, ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THE COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND DELETE THE ORIGINAL MESSAGE FROM YOUR SYSTEM.  THANK YOU.

**From:** Jack Cohn [mailto:jcohn@grsm.com]
**Sent:** Friday, May 25, 2018 9:51 AM
**To:** John Freund, III
**Subject:** RE: Campbell v. PSBA -- Notice of Claim for Monetary Damages against Northwest Lehigh School District

Dear Mr. Freund,

Further to my May 14, 2018 email, below, on Wednesday, we took the deposition of defendant Darryl Schafer, former Northwestern Lehigh School District director and President/Vice President of the Board, and 2016-17 PSBA Governing Board member.

Hopefully, with your sound guidance, the District took care to institute a litigation hold in October 2017, promptly following receipt of Mr. Bonn's October 16, 2017 Litigation Hold Notice.  Supplementing that notice, Mr. Schafer testified at his deposition that the District's Assistant Superintendent actively read the numerous emails and other communications that Mr. Campbell sent to the District, and to Mr. Schafer in his capacity as a publicly-elected director of the Northwestern Lehigh School District, concerning PSBA's unconstitutional SLAPP Suit, and further viewed the linked content at Mr. Campbell's political advocacy website, www.psbahorror.com, including the video content, warning of the potential consequences to PSBA and others of PSBA's continuing refusal to dismiss its SLAPP Suit, and urging the District to take immediate action to cause PSBA to discontinue the SLAPP Suit.  Mr. Schafer further testified that the Assistant Superintendent downloaded or otherwise saved copies of some or all of the content then posted at www.psbahorror.com.

For obvious reasons, the content that the District's Assistant Superintendent read, viewed, and then downloaded and preserved, is important evidence supporting my clients' theories of liability against the District for knowingly acquiescing in/ratifying the unconstitutional actions of Mr. Schafer, cloaked at all times in the mantle of state authority by the District, and PSBA, whose Governing Board the District continued to permit Mr. Schafer to sit on, in authorizing the filing and continuation of the SLAPP Suit by PSBA which violated, and continues to violate, my clients' First Amendment rights.  It is therefore critical, to the extent that it has not already been done, that the District immediately take steps to locate and preserve all such documentation and ESI.

Kindly confirm that a litigation hold in fact is already in place, and please further confirm that the documentation and ESI described above has been (or to the extent it has not already been, will immediately be) isolated and preserved.  In the event that the District or its insurer(s) have appointed other counsel to represent the District's interests in this matter, please advise me of the identity of such counsel so that I might take these issues up with that counsel directly.

Thank you in advance for your anticipated prompt attention to this important matter.

Sincerely,

Jack Cohn

**Effective June 11, 2018, our new address will be:**

**Three Logan Square**

**1717 Arch Street**

**Suite 610**

**Philadelphia, PA 19103**

---

**Jacob (Jack) C. Cohn**  | Partner
**GORDON & REES
SCULLY MANSUKHANI**

One Commerce Square
2005 Market Street, Suite 2900
Philadelphia, PA 19103
D: 215-717-4004

jcohn@grsm.com

**From:** Jack Cohn
**Sent:** Monday, May 14, 2018 12:00 PM
**To:** jef@kingspry.com
**Subject:** Campbell v. PSBA -- Notice of Claim for Monetary Damages against Northwest Lehigh School District

Dear  Mr. Freund,

Together with the ACLU, I am co-counsel for Plaintiffs, Simon Campbell and Pennsylvanians for Union Reform, in the Counter-SLAPP Suit, First Amendment Retaliation civil rights lawsuit against PSBA and ten of its current and former directors pending in the United States District Court for the Eastern District of Pennsylvania.  I am writing to you because I understand that you are the solicitor for Northwest Lehigh School District, the home school district of Darryl Schafer, who is currently named as an individual defendant in my clients' lawsuit, and who until the end of last year served as a member of the board of Northwest Lehigh School District as well as a member of PSBA's 2017 Governing Board.

As background information, I attach (1) Plaintiffs' February 28, 2018 Verified Complaint, (2) the Court's April 13 scheduling order bifurcating the case and setting a final injunction hearing on July 23, (3) Plaintiffs' Injunction Motion, (4) Defendants' Motion to Dismiss; (5) Defendants' Opposition to Plaintiffs' Injunction Motion, and (6) Plaintiffs' Opposition to Defendants' Motion to Dismiss.  Plaintiffs' Reply brief

in support of the Injunction Motion will be filed later today.  Because I don't know your firm's capacity to receive large attachments to emails, I have omitted the exhibits to these filings, which, of course, are accessible through Pacer.

As you may also be aware, we previously tendered Plaintiffs' Complaint to Northwest Lehigh School District's general liability and errors and omissions liability insurers for appropriate handling.

I am reaching out to you at this point because there seems to be considerable misunderstanding regarding Northwest Lehigh School District's legal exposure here, which is substantial and increasing.  Each of the 2017 PSBA Governing Board members who authorized the filing, service, and amendment, and continuation of the SLAPP Suit bears legal responsibility for the damage that it has caused and continues to cause to my clients, Mr. Campbell and PFUR – even Mr. Schafer, who left PSBA's Governing Board as of December 31, 2017.  And Mr. Schaefer acted "under color of state law" because he was cloaked in the mantle of government authority as a director of Northwest Lehigh School District and, indeed, could only have served as a PSBA Governing Board Director *solely* because Northwest Lehigh School District continued to maintain government entity membership in PSBA despite being fully on notice of what Mr. Schaefer and the other 2017 PSBA Governing Board members were directing PSBA's SLAPP Suit counsel to do to Plaintiffs.

As I expect you are also aware, between July and December 11, 2017, Mr. Campbell lobbied every government entity member of PSBA to condemn the lawsuit (to date over 35 districts have done so), and to cause PSBA to discontinue it.  Further, Mr. Campbell previously contacted Mr. Schaefer, specifically in his capacity as an elected director of Northwest Lehigh School District, to call on Northwest Lehigh School District to force PSBA to dismiss its SLAPP Suit.  And Defendants' discovery responses confirm that Mr. Schaefer considered the ACLU's October 20, 2017 warning letter before permitting PSBA's SLAPP Suit counsel to "double down" by filing an amended SLAPP Suit Complaint in December 2017, instead of withdrawing the SLAPP Suit.

In any event, Northwest Lehigh School District had ample opportunity either to call upon Mr. Schaefer to cause PSBA to dismiss the SLAPP Suit with prejudice, or to cause the removal of Mr. Schaefer from PSBA's Governing Board by discontinuing Northwest Lehigh School District's own entity membership in PSBA – which, per PSBA's bylaws, Article III, Section 4(A)(2), would automatically have disqualified Mr. Schaefer from further service on the Governing Board.

It is my clients' position that, by knowingly permitting Mr. Schaefer to continue to serve on the Governing Board of PSBA while PSBA filed, served, and amended its unconstitutional SLAPP Suit, Northwest Lehigh School District ratified the conduct of Mr. Schafer acting as a member of PSBA's Governing Board.  It is further my clients' position that such ratification means that Northwest Lehigh School District has acted in concert with PSBA to violate my clients' constitutional rights and therefore is jointly and severally liable to my clients in damages pursuant to Section 1983, and otherwise.

My clients don't need to join Northwest Lehigh School District as a defendant in the current injunction phase of this case because an injunction against PSBA and the seven currently-serving individual defendants (who have a controlling majority of the Governing Board) will be sufficient to force the with-prejudice dismissal of the underlying SLAPP Suit.  Once that injunction issues, however, it is my clients' intention to amend their Complaint for the damages phase of the case (which will have entirely new, and separate, discovery and trial tracks), to add Northwest Lehigh School District as a defendant.

Thus, to the extent that anyone needs clarification that a claim for monetary damages is being asserted against Northwest Lehigh School District, please consider this a notice of claim.

In addition, in case you were not made aware of it last year, attached is a copy of the "LITIGATION HOLD NOTICE" that was sent to Northwest Lehigh School District on October 16, 2017 by Mr. Campbell's defense counsel in the SLAPP Suit litigation (the receipt of which by Northwest Lehigh School District constitutes still further evidence of its knowledge of the SLAPP Suit and ratification of Mr. Schafer's role in directing its filing and maintenance).   Hopefully, Northwest Lehigh School District has complied, and continues to comply with its preservation obligations.

Sincerely,

**JACOB (JACK) C. COHN**   | Partner
**GORDON & REES**
**SCULLY MANSUKHANI**

One Commerce Square
2005 Market Street, Suite 2900
Philadelphia, PA 19103
D: 215-717-4004

jcohn@grsm.com

Alabama | Arizona | California | Colorado | Connecticut | Delaware | Florida
Georgia| Illinois | Kentucky | Maryland | Massachusetts | Michigan | Missouri
Montana| Nebraska | Nevada | New Jersey | New York | North Carolina | Ohio
Oklahoma | Oregon | Pennsylvania | Rhode Island | South Carolina | South Dakota
Texas | Utah | Virginia | Washington | Washington, D.C. | West Virginia | Wisconsin

www.grsm.com

 Please consider the environment before printing this email.

Alabama * Arizona * California * Colorado * Connecticut * Florida * Georgia * Illinois * Kentucky * Maryland * Massachusetts * Missouri * Nebraska * Nevada * New Jersey * New York * North Carolina * Ohio * Oregon * Pennsylvania * South Carolina * South Dakota * Texas * Virginia * Washington * Washington, DC * West Virginia * Wisconsin

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**