| | |
|---|---|
| **From:** | Jack Cohn |
| **To:** | mcassidy@johnsonduffie.com |
| **Subject:** | RE: Campbell v. PSBA -- PRIVILEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION |

Good morning, Mike,

Simon rang me up over the weekend and said he thinks that you're a "clever bloke" and that I should share a little more information with you to help you to help your client out of its jam – on a confidential, settlement communications basis, of course.

There is a clear basis for imposition of liability on the district on an acquiescence/ratification theory stemming from the plurality opinion in *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988).  It is not a common theory, but it is well-recognized, and in fact is mentioned in the commentary to the Third Circuit's model civil rights jury instructions.  It is most frequently seen in the policy misconduct and public employment contexts that, involve a "one and done" constitutional violation that is subsequently ratified by the government body.  Here, by contrast, PSBA's filing and maintenance of the SLAPP Suit constitutes an ongoing chilling of Plaintiffs' First Amendment rights.

Simon thinks that your response on Friday reflected a mistaken focus on state court municipal liability law.  So, here, in a nutshell, is the federal constitutional theory (which remains subject to further refinement):

1. The School Board joins PSBA as an entity.
2. As a result of that entity membership, each board member is given derivative membership, a "badge" of government authority, so to speak.
3. When it comes to PSBA activities, by definition, the board member is never doing anything without his "badge".  There is no such thing as an "off duty cop" here.
4. At all times, the school board has absolute control over whether its school district official continues to have his PSBA "badge".
5. While the "badge"-toting board member may control the decision over whether he chooses to run for PSBA Governing Board, definitionally, he is wearing his badge when he does so.
6. And, while the school board may not have the ability in advance to control what its badge-wearing director does on the Governing Board, the home school district retains absolute authority at any time to immediately end its director's further membership and participation in the PSBA Governing Board's unconstitutional violations of Plaintiffs' rights (and further to publicly repudiate what the director has done while on the Governing Board).
7. Unlike the bad cop who uses excessive force on an arrestee in a discrete instance, and then the constitutional violation is over, PSBA's First Amendment retaliation against Plaintiffs is ongoing.  By authorizing its continuation and/or acquiescing in it your client's badge-wearing director qua PSBA Governing Board member is participating in the continuing violation of Plaintiffs' First Amendment rights.
8. Your client, Cumberland Valley SD, the school board that gave PSBA Governing Board member Gossert the "badge" that permits him to be on the PSBA Governing Board is well aware of PSBA's unconstitutional SLAPPing conduct of Plaintiffs (and, we posit, privately applauds it). If it leaves Mr. Gossert on the Governing Board to keep chilling Plaintiffs' speech, the District acquiesces in its own director's unconstitutional conduct as a PSBA Governing Board member, thereby ratifying it and owning it as the District's own action.

The foregoing, at a minimum, is a colorable theory of Section 1983 liability against the PSBA Governing Board Members' home school districts.  To be sure, the new directors, though not their districts, have had less time to take actions to force PSBA to discontinue the SLAPP Suit, or to repudiate PSBA's unconstitutional conduct and distance itself from it.  And perhaps, if Cumberland Valley SD were to immediately direct Mr. Gossert to take all possible steps to cause PSBA to discontinue the SLAPP Suit, with prejudice upon pain of the District's dropping membership in PSBA altogether so as to cause Mr. Gossert to "evaporate" from PSBA's board, a factfinder at trial might find that, while belated, that is sufficient to rebut Plaintiffs' ratification argument.

All I can say is that, if I were representing one of the home school districts, I would take this problem very seriously.  And I would advise my client to act immediately to take all possible steps to repudiate PSBA's actions and to remove its director from any further involvement in PSBA's ongoing First Amendment retaliation against Plaintiffs.  But that's just my take.

EXHIBIT D-59

By the way, for whatever it's worth to you and your client, PSBA CEO Nathan Mains, one of the "masterminds" of the SLAPP Suit, sits on your district's CM Regent's board, as does individual defendant Kathy Swope – and Mains informed CM Regent's senior management in May of last year of PSBA's plans to file the SLAPP Suit (I have the email if you would like to see it).

Sincerely,

Jack

**Effective June 11, 2018, our new address will be:**
**Three Logan Square**
**1717 Arch Street**
**Suite 610**
**Philadelphia, PA 19103**

**Jacob (Jack) C. Cohn**   | Partner
**GORDON & REES**
**SCULLY MANSUKHANI**

One Commerce Square
2005 Market Street, Suite 2900
Philadelphia, PA 19103
D: 215-717-4004

jcohn@grsm.com

---

**From:** Jack Cohn
**Sent:** Friday, May 18, 2018 3:44 PM
**To:** Michael J. Cassidy
**Subject:** RE: Campbell v. PSBA -- PRIVILEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION

Mike,

There is a difference between being cheeky and irreverent and being flippant, which I fear is what you are doing, and to the detriment of your client.

We are talking constitutional torts here.  Cumberland Valley SD sponsors Mr. Gossert's membership, i.e., cloaks him with state authority, and the District has exclusive and automatic authority to cause his removal from his position as a PSBA Governing Board member.  Mr. Gossert is using his state-sponsored position as a Governing Board member to participate in PSBA's ongoing unconstitutional retaliation against Plaintiffs for their privileged first-amendment speech and activities.  Moreover, to borrow a phrase from Henry II, PSBA's retaliation is expressly for the purpose of ridding PSBA's all-school district government membership of this "turbulent" RTKL requester.  Mr. Gossert has been well aware of this retaliation since he joined the Governing Board and, at a minimum, has acquiesced in it since January 2018.  And your District has been well aware of the unconstitutional retaliation since July 17, 2017, likely applauds it behind closed doors, and now sponsors one of the actors directly involved in its continuation.

If your client were a city that sponsored a bad copy by giving him a badge.  And that cop went around off duty out of uniform flashing his badge and rousting and beating up homeless people to intimidate them from remaining in the city with the intention of benefiting the city.  And the city knew about this and did nothing to take the badge away from the cop (and was happy for the decrease in the homeless population), are you suggesting to me that the City would not face civil rights liability for giving the bad cop a badge and looking the other way while he continued beating up the homeless people instead of taking his badge away?

Give it some thought over the weekend, read the briefing, and feel free to call me or have your District's insurers call me, to discuss ways of getting your District and Mr. Gossert out of harm's way.  Also, give some thought to how Mike Levin's position that PSBA itself is not a state actor, taken on behalf of Mr. Gossert, exposes him, personally, to punitive damages because Defendants have thrown away any qualified immunity argument they could make if PSBA were a state actor.   Plaintiffs are not bound to this position, but all defendants are by virtue of their binding responses to Plaintiffs' requests for admission.  Lastly, take a look at Dragonetti.  Mr. Gossert, with the District's continuing sponsorship, is participating in the continuation of a SLAPP Suit and there is no qualified or other immunity for this state-law tort, which will ripen upon the entry of the final injunction requiring PSBA to dismiss the SLAPP Suit with prejudice.

Also, thanks for agreeing to provide the policies.

Sincerely,

Jack

---

**Jacob (Jack) C. Cohn**   | Partner
**GORDON & REES**
**SCULLY MANSUKHANI**

One Commerce Square
2005 Market Street, Suite 2900
Philadelphia, PA 19103
D: 215-717-4004
jcohn@grsm.com

---

**From:** Michael J. Cassidy [mcassidy@johnsonduffie.com]
**Sent:** Friday, May 18, 2018 2:57 PM
**To:** Jack Cohn
**Subject:** RE: Campbell v. PSBA -- PRIVILEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION

Jack,

I will take you at your word that you know a thing or three about insurance coverage. I know a thing or three about municipal liability. While Mr. Gossert may be eligible to serve on the PSBA Board of Directors because of being an elected member of the Cumberland Valley SD Board of School Directors, he serves on the PSBA Board of Directors in his individual capacity and not in a representative capacity.

In any event, I will forward copies of the requested insurance policies to you next week.

Have a great weekend,

Mike

---

**From:** Jack Cohn [mailto:jcohn@grsm.com]
**Sent:** Friday, May 18, 2018 2:14 PM
**To:** Michael J. Cassidy <mcassidy@johnsonduffie.com>
**Subject:** RE: Campbell v. PSBA -- PRIVILEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION

Mike,

I'm glad that my efforts to lower the temperature are working with someone.  But they should not be mistaken for lack of seriousness of purpose.  Substantively, my "future endeavors" will involve naming your school district client as a defendant in the counter-SLAPP suit, if that is what is needed.

I never say things that I am not prepared to carry out.  Before I began this case, therefore, I cleared conflicts for all of the sponsor school districts, including Cumberland Valley.  We have also already done the "ratification" research, and are comfortable that Plaintiffs have a solid basis for seeking to hold the sponsoring school districts jointly and severally liable for the SLAPP Suit and its continued maintenance.

Mike Levin is trying to cover up his own exceedingly bad advice to his clients, and may himself be a target at the appropriate time, as he likely knows already.  He and the others are motivated by utter hatred of Simon – as Mike wrote to Simon just before hiring SLAPP Suit counsel Bochetto & Lentz, "my opinion of you could not be lower."  And as Nixon profoundly observed on his way out the door "when you hate your enemies, you destroy yourself."

If you have checked me out, I know a thing or three about insurance coverage, and I have concluded that most of the district policies are primary to PSBA's AIG policy, and pay the 1988 attorneys' fees as supplementary payments outside of limits.  Hopefully, you are forwarding all of this correspondence to your client's insurers to avoid risking loss of coverage.

One other issue -- your district has not provided its insurance policies or responded in any way our RTKL, and now there is a deemed denial that Simon is prepared to appeal to the OOR.  How about saving everyone some trouble, and saving your client some money, and confirming that the policies will be produced promptly (i.e., by early next week)?  Let me know, please.  I'll hold off as a courtesy until Monday from filing the OOR appeal.

Sincerely,

Jack

**Effective June 11, 2018, our new address will be:**
**Three Logan Square**
**1717 Arch Street**
**Suite 610**
**Philadelphia, PA 19103**

**Jacob (Jack) C. Cohn**   | Partner
**GORDON & REES**
**SCULLY MANSUKHANI**

One Commerce Square
2005 Market Street, Suite 2900
Philadelphia, PA 19103
D: 215-717-4004
jcohn@grsm.com

-----Original Message-----
From: Michael J. Cassidy [mailto:mcassidy@johnsonduffie.com]
Sent: Friday, May 18, 2018 10:44 AM
To: Jack Cohn
Subject: RE: Campbell v. PSBA -- PRIVILEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION

Jack,

Much like the numerous emails and YouTube video postings I have received in the past from your client, Simon Campbell, I find your emails to be rather witty and amusing. Best of luck in your future endeavors.

Cheers,

Mike

Michael J. Cassidy
Attorney
Johnson, Duffie, Stewart & Weidner
301 Market Street ~ P.O. Box 109
Lemoyne, PA  17043-0109
Email:  mcassidy@johnsonduffie.com
Phone: 717.761.4540 ~ Fax: 717.761.3015
For more information about our comprehensive services, please visit our website at www.johnsonduffie.com This communication, along with attachments, contains information that is protected by the attorney/client and/or other

privileges and is considered confidential.  Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.  It constitutes non-public information intended to be delivered only to the designated recipient.  This communication is also protected from disclosure under applicable law. If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient or you believe that you have received this communication in error, please notify the sender immediately by return e-mail. The email should also be promptly deleted. Any review, retransmission, dissemination or duplication of this e-mail and/or attachments, will be considered unauthorized use and is prohibited.


-----Original Message-----
From: Jack Cohn [mailto:jcohn@grsm.com]
Sent: Friday, May 18, 2018 9:55 AM
To: Michael J. Cassidy <mcassidy@johnsonduffie.com>
Subject: FW: Campbell v. PSBA -- PRIVILEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION

Dear Counsel:

Since someone seems to be whispering down the lane to Mike about my confidential overtures to the school districts, I thought it only fair that the school districts that sponsor or sponsored the 2017 and 2018 PSBA Governing Board members, and their insurers, understand your respective director's adamant no-pay position with regard to permitting PSBA's insurer to solve the monetary part of her SLAPP Suit problem.  The below represents the current state of play with Mr. Levin and his clients.

For obvious reasons, Mr. Gossert's no-pay position as a PSBA Governing Board member is in substantial tension with the interest of your school district client and its insurers to minimize the District's liability and financial exposure.  Again, it is your school district client's decision to permit Mr. Gossert to remain as a PSBA Governing Board member and thereby to continue to ratify PSBA's continued maintenance of the SLAPP Suit that deepens your District's exposure to Plaintiffs' damages claims.

Sincerely,

Jack
_____
Jacob (Jack) C. Cohn   | Partner
GORDON & REES<http://www.gordonrees.com> SCULLY MANSUKHANI

One Commerce Square
2005 Market Street, Suite 2900
Philadelphia, PA 19103
D: 215-717-4004

jcohn@grsm.com<mailto:jcohn@grsm.com>



_____
From: Jack Cohn
Sent: Wednesday, May 16, 2018 10:54 PM
To: Michael Levin (mlevin@levinlegalgroup.com)
Subject: Campbell v. PSBA -- PRIVILEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION

Mike,

Sorry to write you at this hour, but the Eastern District of PA's Historical Society dinner ran late, and I'm just now getting home.  Mary Catherine told me that you broached the subject of settlement with her.

On March 27, you wrote: "Let me be clear—my clients have no interest in paying your clients anything.  Please don't waste our time asking."

As I previously told my Johnstown "landsman", Mike Kristofco, with regard to the three former director Defendants, so long as your clients maintain their blanket refusal to consent to permit a settlement on their behalf that involves the payment of money to my clients, I am forbidden by my clients to engage in settlement communications with the Defendants.  Even after I advised Mike that we had demonstrated to your side that the "stalker" allegations against Simon were unfounded, Mike reconfirmed to me on Monday that his three clients maintained their no-consent to settlement position and that they were done with any settlement discussions with Plaintiffs.

If the Defendants now wish to reconsider their position, and instead transmit a blanket written consent to permit monetary payments to be made to Plaintiffs on their behalf, or if funding sources with the clear right to settle Plaintiffs' claims against your clients irrespective of defendants' objections come knocking, perhaps I can convince my client to take a meeting with the prospective payor(s).  (Of course, any settlement will require the with-prejudice voluntary discontinuation of the SLAPP Suit, which no insurer can force PSBA to do).

Frankly, having been forced to go this far, Simon is very keen on completing the upcoming video depositions, having his injunction day in court, and establishing the legal precedent that PSBA is an all-purpose state actor that is indistinguishable constitutionally from its government members.  The only thing that he has authorized me to communicate to Defendants under the current circumstances is that, if PSBA immediately and unconditionally discontinues the SLAPP suit with prejudice, the parties can forego the remaining injunction-phase discovery and trial (without prejudice to taking these and other depositions in the context of the damages phase of the case).  In that event, we could negotiate an appropriate schedule for the damages phase of the case.

So, as you can see, all the settlement balls currently are in Defendants' court.  Until Defendants start hitting them across the net, there's nothing to hit back.

Sincerely,

Jack

_____
Jacob (Jack) C. Cohn   | Partner
GORDON & REES<http://www.gordonrees.com> SCULLY MANSUKHANI

One Commerce Square
2005 Market Street, Suite 2900
Philadelphia, PA 19103
D: 215-717-4004

jcohn@grsm.com<mailto:jcohn@grsm.com>


Alabama | Arizona | California | Colorado | Connecticut | Delaware | Florida
Georgia| Illinois | Kentucky | Maryland | Massachusetts | Michigan |
Georgia| Missouri
Montana| Nebraska | Nevada | New Jersey | New York | North Carolina |
Montana| Ohio
Oklahoma | Oregon | Pennsylvania | Rhode Island | South Carolina | South Dakota Texas | Utah | Virginia | Washington | Washington, D.C. | West Virginia | Wisconsin

www.grsm.com<http://www.grsm.com>

P Please consider the environment before printing this email.

_____

Alabama * Arizona * California * Colorado * Connecticut * Florida * Georgia * Illinois * Kentucky * Maryland * Massachusetts * Missouri * Nevada * New Jersey * New York * North Carolina * Ohio * Oregon * Pennsylvania * South Carolina * South Dakota * Texas * Virginia * Washington * Washington, DC * West Virginia * Wisconsin

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

GORDON REES SCULLY MANSUKHANI, LLP
http://www.grsm.com

Alabama * Arizona * California * Colorado * Connecticut * Florida * Georgia * Illinois * Kentucky * Maryland * Massachusetts * Missouri * Nebraska * Nevada * New Jersey * New York * North Carolina * Ohio * Oregon * Pennsylvania * South Carolina * South Dakota * Texas * Virginia * Washington * Washington, DC * West Virginia * Wisconsin

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
http://www.grsm.com