**From:** Jack Cohn [mailto:jcohn@grsm.com]
**Sent:** Saturday, June 23, 2018 3:15 PM
**To:** dfs@kingspry.com; 'pfanelli@fanwil.com' <pfanelli@fanwil.com>; 'gparker@haverfordsd.net'
<gparker@haverfordsd.net>; 'asalawchris@atlanticbb.net' <asalawchris@atlanticbb.net>;
'tandrews@andrewsandprice.com' <tandrews@andrewsandprice.com>; 'mwiley@mcclaw.com'
<mwiley@mcclaw.com>; 'setter@etterlawfirm.com' <setter@etterlawfirm.com>; Mike King
<mking@stockandleader.com>; 'mcassidy@johnsonduffie.com' <mcassidy@johnsonduffie.com>
**Subject:** Campbell v. PSBA

Dear Counsel,

Last month, I reached out at least once to each of you in your capacities as School Solicitors of the home
Districts of the current PSBA Governing Board Members to give notice of my clients' intention to name
each of your School District clients as additional defendants once the damages phase of this case gets
underway.  I also suggested that your District clients might begin to mitigate their damages, and
improve their prospective settlement positions, were they to act to cease their ratification of PSBA's
ongoing violations of my clients' First Amendment rights by causing their sponsored PSBA Governing
Board member to act to cause PSBA to discontinue the SLAPP Suit with prejudice, and/or to remove
their sponsored PSBA Governing Board member from his/her position on PSBA's Governing Board by
resigning the District's entity membership in PSBA.

It has now been over a month, yet each of the nine voting members of PSBA's Governing Board who
were serving as of the time of my May correspondence remain on PSBA's Governing Board.  No action
has been taken to discontinue the SLAPP Suit against my client.  No action appears to have been taken
by your District clients to cause their sponsored PSBA Governing Board member to act to cause PSBA to
discontinue the SLAPP Suit.  Each of your client's boards has met in public session at least once in the
intervening time period.  None of your client's boards appears to have taken any action to repudiate
PSBA's continuing violations of my clients' constitutional rights, thereby further demonstrating that each
of your clients in fact continues to support, and thereby ratify, the continued maintenance of PSBA's
SLAPP Suit, and the continued involvement of its sponsored PSBA Governing Board member in the
ongoing violation of my clients' constitutional rights.

As the attached decision, issued yesterday, denying Defendants' motion to dismiss Plaintiffs' federal civil
rights action emphatically establishes, PSBA itself is a state actor, and each of PSBA and the individual
defendants face both compensatory and punitive damages exposure.  While your district clients, as
government agencies, may be immune from punitive damages under Section 1983, no such
governmental immunity exists with respect to the Dragonetti claims my clients are planning on asserting
once the SLAPP Suit is permanently enjoined and dismissed.  Dragonetti exposes to liability anyone
"who takes part in the procurement, initiation or continuation of civil proceedings . . . ."  Just as Plaintiffs
contend that your District clients may be held liable under Section 1983 due to their ratification of the
SLAPP Suit, so too, Plaintiffs contend that your District clients' ratification of at least the continuation of

EXHIBIT

D-80

the SLAPP Suit makes the home Districts, and/or their individual members, persons/entities who are taking part in the continuation of the wrongful civil proceedings.

Every day that passes that your District clients do nothing to repudiate the PSBA's SLAPP Suit and cause its sponsored PSBA Governing Board member to act to make PSBA dismiss the SLAPP Suit with prejudice, is a day that my clients' fundamental constitutional rights continue to be violated, and your District clients' exposure to compensatory and punitive damages increases.  Although my clients are no longer interested in entertaining separate settlement dialogues with your District clients, the sponsoring districts would still be well-advised to use their absolute ability to remove their sponsored member from PSBA's Governing Board either to cause PSBA to end the SLAPP Suit or to act to remove their sponsored member from the Governing Board.

Sincerely,

**JACOB (JACK) C. COHN**   | Partner
**GORDON & REES**
**SCULLY MANSUKHANI**

Three Logan Square, 1717 Arch Street
Suite 610
Philadelphia, PA 19103
D: 215-717-4004

**jcohn@grsm.com**

Alabama | Arizona | California | Colorado | Connecticut | Delaware | Florida
Georgia| Illinois | Kentucky | Maryland | Massachusetts | Michigan | Missouri
Montana| Nebraska | Nevada | New Jersey | New York | North Carolina | Ohio
Oklahoma | Oregon | Pennsylvania | Rhode Island | South Carolina | South Dakota
Texas | Utah | Virginia | Washington | Washington, D.C. | West Virginia | Wisconsin

**www.grsm.com**

 Please consider the environment before printing this email.

Alabama * Arizona * California * Colorado * Connecticut * Florida * Georgia * Illinois * Maryland * Massachusetts * Missouri * Nebraska * Nevada * New Jersey * New York * North Carolina * Ohio * Oregon * Pennsylvania * South Carolina * South Dakota * Texas * Virginia * Washington * Washington, DC * West Virginia

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby

notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**http://www.grsm.com**

NOTICES: If you have a transaction with our firm and you receive an email containing wire transfer instructions, please call our office immediately to verify the information prior to sending funds (717) 846-9800