# Exhibit Y

| From: | Jack Cohn <jcohn@grsm.com> |
|---|---|
| Sent: | Thursday, May 24, 2018 9:44 AM |
| To: | dbrown@levinlegalgroup.com |
| Subject: | FW: Campbell v. PSBA -- PRIVILEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION |
| Attachments: | 2018-05-02 D Response to RFAs.pdf |

Dave,

Without waiver of applicable privileges and immunities, and at the risk of hurting your feelings, I am forwarding this chain of emails between me and Mike Kristofco to you, alone, in your capacity as an officer of the court and as counsel of record for Mr. Kristofco's alleged "clients" for your consideration in deciding what your own professional obligations are in light of Mr. Schafer's testimony yesterday.  It is perfectly obvious that little if any of the material portions of my discourse with Mr. Kristofco was communicated to his ostensible clients.  It is also clear that Mr. Schafer was never told that both Mikes were communicating that Mr. Schafer was asserting and maintaining an absolute no-consent-to-settlement position, and that such position was not only unknown to Mr. Schafer, and unauthorized by him, but entirely contrary to his wishes.  You saw how tense and upset he was to have had to sit for a deposition yesterday.  Perhaps that could have been avoided had the Mikes not used him for PSBA's own purposes.

This is serious business, and whatever you feel your reporting obligations might be, you are also counsel to Messrs. Schafer and Voit, and Ms. Foltz such that you have direct fiduciary duties running to them.  I have previously shared with Mike and you my personal views concerning what I perceive to be the multiple levels of conflict under which Mike and his firm labor in continuing to serve as counsel in this matter for any of the defendants, even PSBA.  I now posit to you that these three individuals, in particular, are being deeply prejudiced by their current representational situation, such as it is, and lack of truly independent counsel to look out for their interests, which are quite divergent from those of PSBA.

As with my other recent correspondence to you alone, this email will not see the light of day by my action unless it ever becomes necessary for me to demonstrate that you in fact were provided with this information and with my interpretation of recent events and their impact on the matters as discussed above.  Given the situation that you are in as Mike Levin's employee, if you would feel more comfortable if I were to send any further off-the-record emails intended for you alone to your personal email address, feel free to provide it to me.

Sincerely,

Jack

**JACOB (JACK) C. COHN**  | Partner
**GORDON & REES**
**SCULLY MANSUKHANI**

One Commerce Square
2005 Market Street, Suite 2900
Philadelphia, PA 19103
D: 215-717-4004
**jcohn@grsm.com**

Alabama | Arizona | California | Colorado | Connecticut | Delaware | Florida
Georgia| Illinois | Kentucky | Maryland | Massachusetts | Michigan | Missouri
Montana| Nebraska | Nevada | New Jersey | New York | North Carolina | Ohio

1

Oklahoma | Oregon | Pennsylvania | Rhode Island | South Carolina | South Dakota
Texas | Utah | Virginia | Washington | Washington, D.C. | West Virginia | Wisconsin

www.grsm.com

 Please consider the environment before printing this email.

---

**From:** Jack Cohn
**Sent:** Thursday, May 03, 2018 6:06 PM
**To:** 'Michael D. Kristofco'
**Subject:** RE: Campbell v. PSBA -- PRIVILEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION

Mike,

As we just discussed, and as I thought I had already made clear, so long as your clients maintain their previously-communicated (through "other" Mike) blanket refusal to consent to permit a settlement on their behalf that involves the payment of money to my clients, I am not authorized to transmit a settlement demand.

If any of your clients wishes to retract his or her blanket refusal and instead transmit a blanket **consent** to permit monetary payments to be made to Plaintiffs on their behalf to take them out of harm's way, please communicate their change of position to us in writing. Otherwise, at least until a funding source with a clear right to settle Plaintiffs' claims against your clients comes knocking, or until one or more of your clients wants to make a "proffer" of what they can do for my clients to help to hang the other defendants out to dry that would justify Plaintiffs' agreeing to forgo a monetary recovery from them, I do think we are done here.

Again, I urge you to advise your clients of the importance of retaining independent personal counsel with regard to their right to independent defense counsel before their interest are further prejudiced by "other" Mike's reckless litigation conduct, which already has led to each of your clients making admissions that foreclose their ability to seek qualified immunity from the compensatory and (non-indemnifiable) punitive damages my clients seek from them. Should they take the prudent step of retaining such counsel, I suggest that they take a copy of their attached admissions to their first consultation so that their counsel can begin to appreciate just how badly "other" Mike already has prejudiced their interests.

Regarding your suggestion of "a mutual non-disparagement clause," given the highly-defamatory contents of the SLAPP Suit complaints that your clients directed SLAPP suit specialists Bochetto & Lentz to file without even bothering to read them, and that Nathan Mains then sent a blast email with an embedded link to it to over 4,500 people, I assume that this was a misguided attempt at humor. I doubt that Mr. Campbell will find it funny.

Sincerely,

Jack

---

**JACOB (JACK) C. COHN**  | Partner
**GORDON & REES**
**SCULLY MANSUKHANI**

One Commerce Square
2005 Market Street, Suite 2900
Philadelphia, PA 19103
D: 215-717-4004
**jcohn@grsm.com**

Alabama | Arizona | California | Colorado | Connecticut | Delaware | Florida
Georgia | Illinois | Kentucky | Maryland | Massachusetts | Michigan | Missouri
Montana | Nebraska | Nevada | New Jersey | New York | North Carolina | Ohio

Oklahoma | Oregon | Pennsylvania | Rhode Island | South Carolina | South Dakota
Texas | Utah | Virginia | Washington | Washington, D.C. | West Virginia | Wisconsin
www.grsm.com

 Please consider the environment before printing this email.

---

**From:** Michael D. Kristofco [mailto:mkristofco@wispearl.com]
**Sent:** Thursday, May 03, 2018 5:22 PM
**To:** Jack Cohn
**Subject:** RE: Campbell v. PSBA -- PRIVILEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION

Jack

On March 26, 2018, you told Mike Levin that your clients were prepared to discuss the potential settlement of their claims but you would not have those discussions with him.  That is the sole reason I am involved.  You seem to want to discuss everything with me except your clients' settlement proposal.

To get the discussions started, my clients will agree to a mutual non-disparagement clause if they are dismissed from the lawsuit. Please let me know if this is acceptable to your clients or, if not, what they propose.


Michael D. Kristofco
Partner

# Wisler Pearlstine, LLP

Blue Bell Executive Campus
460 Norristown Road, Suite 110
Blue Bell, PA 19422-2323
Telephone:  (610) 825-8400
Facsimile:  (610) 828-4887

mkristofco@wispearl.com
http://www.wislerpearlstine.com/

🖨 **Please consider the environment before printing this e-mail.**
The information contained in this e-mail transmission is privileged and confidential and intended only for the use of the individual(s) and/or entity(ies) named above. If you are not the intended recipient, you are hereby notified that any unauthorized disclosure, copying, distribution or taking of any action in reliance on the contents of the e-mail materials is strictly prohibited. The review of this material by any individual other than the intended recipient shall not constitute waiver of the attorney/client privilege. If you have received this e-mail transmission in error, please immediately notify us by telephone at 610.825.8400. Thank you.

---

**From:** Jack Cohn [mailto:jcohn@grsm.com]
**Sent:** Wednesday, May 02, 2018 10:47 AM
**To:** Michael D. Kristofco
**Subject:** RE: Campbell v. PSBA -- PRIVILEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION

Mike,

Do you have answers to the queries posed below, or are we finished here?  If you would feel more comfortable giving me the answers over the phone instead of putting them in writing, feel free to give me a call.  I'll be in my clock-cleaning factory all day working on our smack-down of Defendants' spurious motion to dismiss (which is only driving up my § 1988 fee claim).

Sincerely,

Jack

---

**JACOB (JACK) C. COHN**  | Partner
**GORDON & REES**
**SCULLY MANSUKHANI**

One Commerce Square
2005 Market Street, Suite 2900
Philadelphia, PA 19103
D: 215-717-4004
**jcohn@grsm.com**

Alabama | Arizona | California | Colorado | Connecticut | Delaware | Florida
Georgia | Illinois | Kentucky | Maryland | Massachusetts | Michigan | Missouri
Montana | Nebraska | Nevada | New Jersey | New York | North Carolina | Ohio
Oklahoma | Oregon | Pennsylvania | Rhode Island | South Carolina | South Dakota
Texas | Utah | Virginia | Washington | Washington, D.C. | West Virginia | Wisconsin

www.grsm.com

 Please consider the environment before printing this email.

---

**From:** Jack Cohn
**Sent:** Tuesday, May 01, 2018 3:37 PM
**To:** 'Michael D. Kristofco'
**Subject:** RE: Campbell v. PSBA -- PRIVILEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION

Mike,

I'm not sure, if AIG is the only insurer involved, that transmitting settlement demand(s) at this point would be a fruitful exercise or in my client's best interest.  This is especially so given Mike Levin's prior announcement that none of your clients were willing to entertain the payment of any monies to my clients.

I assume that "other" Mike's announcement was made with the knowledge and assent of both AIG and of your clients.  If this is not the case, and "other" Mike's announcement was made without the authority of one or all of your clients and/or AIG, please advise, and please be specific as to who was not consulted and/or did not provide authority for "other" Mike's announcement.  Or if "other" Mike's announcement was true at the time, and your clients and/or AIG have reconsidered, please also advise, with specifics.

Thanks.

Jack

---

**JACOB (JACK) C. COHN**  | Partner
**GORDON & REES**
**SCULLY MANSUKHANI**

One Commerce Square
2005 Market Street, Suite 2900

4

Philadelphia, PA 19103
D: 215-717-4004
**jcohn@grsm.com**

Alabama | Arizona | California | Colorado | Connecticut | Delaware | Florida
Georgia| Illinois | Kentucky | Maryland | Massachusetts | Michigan | Missouri
Montana| Nebraska | Nevada | New Jersey | New York | North Carolina | Ohio
Oklahoma | Oregon | Pennsylvania | Rhode Island | South Carolina | South Dakota
Texas | Utah | Virginia | Washington | Washington, D.C. | West Virginia | Wisconsin

www.grsm.com

 Please consider the environment before printing this email.

---

**From:** Michael D. Kristofco [mailto:mkristofco@wispearl.com]
**Sent:** Tuesday, May 01, 2018 3:17 PM
**To:** Jack Cohn
**Subject:** RE: Campbell v. PSBA -- PRIVILEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION

Jack

Do you have a settlement proposal to make?

Michael D. Kristofco
Partner

# Wisler Pearlstine, LLP

Blue Bell Executive Campus
460 Norristown Road, Suite 110
Blue Bell, PA 19422-2323
Telephone:  (610) 825-8400
Facsimile:  (610) 828-4887

mkristofco@wispearl.com
http://www.wislerpearlstine.com/

🖶 **Please consider the environment before printing this e-mail.**
The information contained in this e-mail transmission is privileged and confidential and intended only for the use of the individual(s) and/or entity(ies) named above. If you are not the intended recipient, you are hereby notified that any unauthorized disclosure, copying, distribution or taking of any action in reliance on the contents of the e-mail materials is strictly prohibited. The review of this material by any individual other than the intended recipient shall not constitute waiver of the attorney/client privilege. If you have received this e-mail transmission in error, please immediately notify us by telephone at 610.825.8400. Thank you.

---

**From:** Jack Cohn [mailto:jcohn@grsm.com]
**Sent:** Tuesday, May 01, 2018 3:07 PM
**To:** Michael D. Kristofco
**Subject:** RE: Campbell v. PSBA -- PRIVILEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION

Mike,

I'm trying to get my head around why you are dealing (or solely dealing) with a carrier that appears to be excess as to these (and perhaps all 10 individual) defendants.  Per my first email to you, AIG's policy provides that they are excess to other triggered policies:

> This Coverage Section shall **specifically be excess of any other valid and collectible insurance pursuant to which any other insurer has a duty to defend a Claim** for which this Coverage Section may be obligated to pay Loss. Such insurance as is provided by this Coverage Section shall apply as primary to any personal "umbrella" excess liability insurance purchased by an Insured Person.

I now have most, if not all, of the referenced policies.  It appears to me that, for each of your clients, at least one policy with a defense obligation that is not a personal umbrella policy has a duty to defend that client.

I am awaiting Defendants' document production, which is overdue now, and which is supposed to contain ROR correspondence with insurers.  In the meantime, do you or your clients have any correspondence with any of their insurers concerning this matter?  If we are going to have productive discussions, it is important that all implicated insurers be involved, including primary insurers with defense and supplementary payment obligations to pay a Section 1988 attorneys' fee award outside of their policy's indemnity limits, and not just an apparent excess insurer with eroding limits.

Thanks.

Jack

---

**JACOB (JACK) C. COHN**  | Partner
**GORDON & REES**
**SCULLY MANSUKHANI**

One Commerce Square
2005 Market Street, Suite 2900
Philadelphia, PA 19103
D: 215-717-4004
**jcohn@grsm.com**

Alabama | Arizona | California | Colorado | Connecticut | Delaware | Florida
Georgia| Illinois | Kentucky | Maryland | Massachusetts | Michigan | Missouri
Montana| Nebraska | Nevada | New Jersey | New York | North Carolina | Ohio
Oklahoma | Oregon | Pennsylvania | Rhode Island | South Carolina | South Dakota
Texas | Utah | Virginia | Washington | Washington, D.C. | West Virginia | Wisconsin

www.grsm.com

 Please consider the environment before printing this email.

---

**From:** Michael D. Kristofco [mailto:mkristofco@wispearl.com]
**Sent:** Tuesday, May 01, 2018 2:36 PM
**To:** Jack Cohn
**Subject:** RE: Campbell v. PSBA -- PRIVILEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION

AIG


Michael D. Kristofco
Partner

# Wisler Pearlstine, LLP

Blue Bell Executive Campus
460 Norristown Road, Suite 110
Blue Bell, PA 19422-2323
Telephone:  (610) 825-8400
Facsimile:  (610) 828-4887

mkristofco@wispearl.com
http://www.wislerpearlstine.com/

🖨 **Please consider the environment before printing this e-mail.**
The information contained in this e-mail transmission is privileged and confidential and intended only for the use of the individual(s) and/or entity(ies) named above. If you are not the intended recipient, you are hereby notified that any unauthorized disclosure, copying, distribution or taking of any action in reliance on the contents of the e-mail materials is strictly prohibited. The review of this material by any individual other than the intended recipient shall not constitute waiver of the attorney/client privilege. If you have received this e-mail transmission in error, please immediately notify us by telephone at 610.825.8400. Thank you.

---

**From:** Jack Cohn [mailto:jcohn@grsm.com]
**Sent:** Tuesday, May 01, 2018 2:29 PM
**To:** Michael D. Kristofco
**Subject:** RE: Campbell v. PSBA -- PRIVILEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION

Mike,

Which "insurance company" are you talking about?  I see 11 potentially-implicated policies: (1-2) the PSBA PL and GL policies; (3-5) the PL policies of each of your clients' home school districts, (6-8) the GL policies of those districts, and (9-11) the primary and/or umbrella GL coverage under your clients' personal policies.

Thanks.

Jack

---

**JACOB (JACK) C. COHN**  | Partner
**GORDON & REES**
**SCULLY MANSUKHANI**

One Commerce Square
2005 Market Street, Suite 2900
Philadelphia, PA 19103
D: 215-717-4004
jcohn@grsm.com

Alabama | Arizona | California | Colorado | Connecticut | Delaware | Florida
Georgia| Illinois | Kentucky | Maryland | Massachusetts | Michigan | Missouri
Montana| Nebraska | Nevada | New Jersey | New York | North Carolina | Ohio
Oklahoma | Oregon | Pennsylvania | Rhode Island | South Carolina | South Dakota
Texas | Utah | Virginia | Washington | Washington, D.C. | West Virginia | Wisconsin

www.grsm.com

🖨 Please consider the environment before printing this email.

**From:** Michael D. Kristofco [mailto:mkristofco@wispearl.com]
**Sent:** Tuesday, May 01, 2018 2:16 PM
**To:** Jack Cohn
**Subject:** RE: Campbell v. PSBA -- PRIVILEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION

Jack

I discussed the ground rule you mentioned with my client and some of them we found to be unworkable.  However, my clients are willing to engage in settlement discussions on the following terms:

 1.      We will keep the discussions confidential as to the other defendants (the PSBA and the current PSBA Board members being sued) and the other counsel but the discussions would not be confidential between and among my three clients and me; and

 2.      We will not disclose any of the settlement discussions to the insurance company unless the settlement demand would require the insurance company's participation and/or consent.

If this is acceptable please make a settlement demand so that we can have actual discussions.


Michael D. Kristofco
Partner

# Wisler Pearlstine, LLP

Blue Bell Executive Campus
460 Norristown Road, Suite 110
Blue Bell, PA 19422-2323
Telephone:  (610) 825-8400
Facsimile:  (610) 828-4887

mkristofco@wispearl.com
http://www.wislerpearlstine.com/

🖨 **Please consider the environment before printing this e-mail.**
The information contained in this e-mail transmission is privileged and confidential and intended only for the use of the individual(s) and/or entity(ies) named above. If you are not the intended recipient, you are hereby notified that any unauthorized disclosure, copying, distribution or taking of any action in reliance on the contents of the e-mail materials is strictly prohibited. The review of this material by any individual other than the intended recipient shall not constitute waiver of the attorney/client privilege. If you have received this e-mail transmission in error, please immediately notify us by telephone at 610.825.8400. Thank you.


**From:** Jack Cohn [mailto:jcohn@grsm.com]
**Sent:** Tuesday, May 01, 2018 11:02 AM
**To:** Michael D. Kristofco
**Subject:** RE: Campbell v. PSBA -- PRIVILEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION

So Mike,

Given your utter "radio silence" for the last three weeks, I assume that whoever is controlling you, and it seems not to be your three ostensible clients, has no serious interest in engaging in a settlement dialogue with regard to your three

supposed clients.  Accordingly, unless I hear further from you, I will assume that your retention as "settlement counsel" for the three former director defendants has come to an end.

In parting, however, I would be remiss if I did not give you a chance to help your "clients" out of the hole that "other" Mike and Dave are busy digging for them – if only by helping them to get to the independent, unconflicted counsel they need to protect their rights.  Attached is a motion to dismiss they filed last Friday on behalf of all defendants.  In particular, I draw your attention to pp. 20-27 where defendants argue that PSBA is not a state actor for constitutional purposes.  Now, this issue is not critical to Plaintiffs.  They have pleaded in the alternative either that PSBSA itself is a state actor, or that each of the individual defendants are cloaked in a mantle of state authority and, under color of state law, acted in concert with PSBA to violate Plaintiffs' First Amendment Rights.  Plaintiffs win either way, and in fact have a better shot at recovering full compensatory and punitive damages from everyone if they prevail on a public/private collusion theory as opposed to a pervasive entwinement theory.

What anyone with an ounce of constitutional law competence would realize, however, is that while this argument does little if anything to help PSBA, it throws the individual defendants, including your clients, under the bus – in a big way.  That is because if PSBA is not a state actor, and they are not acting in the scope of their authority as school board directors (as "other" Mike trains them to believe), then there is absolutely no basis upon which the individual defendants could argue for qualified immunity for their actions as PSBA Governing Board members.  I tried explaining that to Dave yesterday in an off-the-record conversation.  He hadn't even considered this problem and had trouble wrapping his head around it.

Let's face it, Simon really doesn't like the people who SLAPPed him.  If he were to recover punitive damages, which are uninsurable and non-indemnifiable, I have no doubt that he would pursue collection of such damages from your clients' personal assets.  And if they sought bankruptcy protection, I expect that he would seek a non-dischargability determination under 11 U.S.C. § 523(a)(6), which would insure that their personal credit remained ruined forever.  I can only imagine the harm that such a state of affairs would do to Otto Voit and his statewide political aspirations.

If I were your clients, I would be absolutely screaming bloody murder for the immediate appointment of truly independent counsel to represent me, and for my insurers to take me out of harm's way by settling the claims against me within their policy limits.  And if I were a lawyer truly representing the interests of the three former directors, I would be advising them to do exactly that and assisting them in doing so.  And if I were hired by an insurance company with an extremely limited scope of retention that materially limited, or prevented, my ability to do so, I would be advising my three "clients" of that, and further advising them that there is a pressing need for them to obtain independent counsel to advise them with regard to the conflicts in their defense, their rights to independent defense counsel and their rights vis-à-vis their insurers and PSBA.

If there is anything further to discuss, please feel free to reach out to me.  In the meantime, I have clocks to clean.

Sincerely,

Jack

---

**JACOB (JACK) C. COHN**  | Partner
**GORDON & REES**
SCULLY MANSUKHANI

One Commerce Square
2005 Market Street, Suite 2900
Philadelphia, PA 19103
D: 215-717-4004
**jcohn@grsm.com**

Alabama | Arizona | California | Colorado | Connecticut | Delaware | Florida
Georgia| Illinois | Kentucky | Maryland | Massachusetts | Michigan | Missouri
Montana| Nebraska | Nevada | New Jersey | New York | North Carolina | Ohio

Oklahoma | Oregon | Pennsylvania | Rhode Island | South Carolina | South Dakota
Texas | Utah | Virginia | Washington | Washington, D.C. | West Virginia | Wisconsin
www.grsm.com

 Please consider the environment before printing this email.

---

**From:** Jack Cohn
**Sent:** Thursday, April 26, 2018 6:15 PM
**To:** Michael D. Kristofco (mkristofco@wispearl.com)
**Subject:** Campbell v. PSBA -- PRIVILEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION

Hey Mike,

Your client Darryl Schafer's former school district, NW Lehigh, has claimed a 30-day extension of time to provide its insurance policies. This is delaying my tendering my clients' complaint to Northwest Lehigh's GL and PL insurers. I know that "other" Mike has refused to tender to any school district insurer based on his erroneous and apparently uninformed conclusion that those policies have no potential to provide insurance coverage for the individual defendants. (See attached email exchange). Because it's in everyone's interest (except maybe "other" Mike's) to broadly tender the claim in order to maximize the amount of coverage available both to protect the defendants and to pay my clients, I have been endeavoring to tender to as many carriers as possible in order to protect my clients' interests.

Hopefully, unlike "other" Mike, you have been advising your clients to promptly tender the federal complaint to all of their personal insurers as well as to the GL/PL insurers of the school districts on which they serve (or served). If that is beyond the scope of your limited retention, hopefully you are warning them of that material limitation on the scope of your representation of them and urging them to obtain truly independent counsel to advise them on insurance issues. Here's a good example of such a disclaimer that was (repeatedly) written by an underlying defense counsel to his insured in a major insurance coverage case that I won recently:

> By copy of this letter to Mr. _____, I would remind him that any insurance issues,
> including but not limited to coverage, reservation of rights, umbrella/excess coverage,
> denials of coverage, alleged exhaustion of coverage, insolvency by any of ____'s
> insurance carriers, guaranty funds, potential or actual judgment(s) without coverage or
> in excess of possible coverage limits, and/or notification incumbent upon _____ to any
> of its applicable insurance carriers or guaranty funds, dictate that _____ seek
> independent counsel regarding any insurance issues.

Feel free to borrow it and adapt it to your particular circumstances.

By the way, it's been nearly two weeks since we had our initial conversation, and I haven't heard anything further from you regarding "ground rules." Please let me know where we stand on these issues.

And it's been nearly a week since you've had our injunction papers, and you haven't taken me up on my invitation to call me up and tell me that our side is full of it. I do hope that that means that you have called "other" Mike and told him that his side is full of it and is endangering your clients by prolonging this situation.

Anyway, happy to discuss any or all of these matters with you. If your individual clients – whose interests are very much in conflict with the PSBA and the other seven defendants who control the Governing Board, yet refuse to use their majority votes to instruct Bochetto & Lentz to forthwith withdraw the SLAPP Suit with prejudice – no longer wish to pursue a separate settlement dialogue, just let me know and I'll stop updating you on developments that might impact your clients' interests.

Sincerely,

Jack

---

**JACOB (JACK) C. COHN** | Partner
**GORDON & REES**
**SCULLY MANSUKHANI**

One Commerce Square
2005 Market Street, Suite 2900
Philadelphia, PA 19103
D: 215-717-4004
**jcohn@grsm.com**

Alabama | Arizona | California | Colorado | Connecticut | Delaware | Florida
Georgia | Illinois | Kentucky | Maryland | Massachusetts | Michigan | Missouri
Montana | Nebraska | Nevada | New Jersey | New York | North Carolina | Ohio
Oklahoma | Oregon | Pennsylvania | Rhode Island | South Carolina | South Dakota
Texas | Utah | Virginia | Washington | Washington, D.C. | West Virginia | Wisconsin
www.grsm.com

 Please consider the environment before printing this email.

---

**From:** Jennifer Holman [mailto:holmanj@nwlehighsd.org]
**Sent:** Thursday, April 26, 2018 4:51 PM
**To:** Jack Cohn
**Subject:** Re: RTKL Request

Mr. Cohn,

Please find the attached an extension of time of your recent Right to Know Request.

- + - + - + - + - + - + - + - + - + - +
Jennifer L. Holman
Assistant Superintendent

Northwestern Lehigh School District
6493 Route 309
New Tripoli, PA 18066
Phone:  610.298.8661
Fax:  610.298.8002

---

**From:** Terri Donahue <tdonahue@grsm.com> on behalf of Jack Cohn <jcohn@grsm.com>
**Sent:** Thursday, April 19, 2018 2:01 PM
**To:** Open Records
**Cc:** Jack Cohn; parighttoknow@gmail.com
**Subject:** RTKL Request

Please see attached.

**JACOB (JACK) C. COHN**  | Partner
<u>**GORDON & REES**</u>
**SCULLY MANSUKHANI**

One Commerce Square
2005 Market Street, Suite 2900
Philadelphia, PA 19103
D: 215-717-4004
**jcohn@grsm.com**

Alabama | Arizona | California | Colorado | Connecticut | Delaware | Florida
Georgia| Illinois | Kentucky | Maryland | Massachusetts | Michigan | Missouri
Montana | Nebraska | Nevada | New Jersey | New York | North Carolina | Ohio
Oklahoma | Oregon | Pennsylvania | Rhode Island | South Carolina | South Dakota
Texas | Utah | Virginia | Washington | Washington, D.C. | West Virginia | Wisconsin

www.grsm.com

 Please consider the environment before printing this email.

Alabama * Arizona * California * Colorado * Connecticut * Florida * Georgia * Illinois * Kentucky * Maryland * Massachusetts * Missouri * Nebraska * Nevada * New Jersey * New York * North Carolina * Ohio * Oregon * Pennsylvania * South Carolina * South Dakota * Texas * Virginia * Washington * Washington, DC * West Virginia * Wisconsin

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**<u>http://www.grsm.com</u>**